**Mamadou Alpha BAH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–1809–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

Matthew J. Harris, of counsel to Eric A. Wuestman, New York, New York, for Petitioner.

David Kustoff, United States Attorney for the Western District of Tennessee, Monica M. Simmons, Assistant United States Attorney, Memphis, Tennessee, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Mamadou Alpha Bah, a native and citizen of Guinea, seeks review of an October 18, 2005 order of the BIA affirming the August 18, 2004 decision of Immigration Judge ("IJ") Barbara Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Alpha Bah,* No. A95 846 184 (B.I.A. Oct. 18, 2005), *aff'g* No. A95 846 184 (Immig. Ct. N.Y. City Aug. 18, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In this case, the IJ based her adverse credibility determination on five factors. Namely, the IJ stated that Bah (1) omitted to mention in his affidavit that he was a member of either AJEEP or UPR, (2) omitted several encounters which he had with Guinean authorities prior to his enrollment at university, (3) gave vague answers to questions about the specifics of the mistreatment he suffered and the purpose of the political parties to which he belonged, (4) failed to provide medical records documenting the injuries he suffered as a result of his detention, particularly his memory problems, and (5) provided letters from relatives which did little to corroborate his accounts of unlawful detention at the hands of Guinean authorities.

■ We conclude that at least three of the five factors upon which the IJ relied were legally flawed or were not based upon substantial evidence. First, we find that the IJ erred in determining that Bah failed to provide specific details regarding the mistreatment he suffered while in detention and the purpose of the political parties to which he belonged. Bah provided significant detail about both of these

aspects of his claim in response to the attorneys' and the IJ's questions, and the IJ noted no inconsistent statements by Bah, no contradictory evidence, and no inherently improbable testimony that would otherwise support the conclusion that Bah's alleged lack of detail supported an adverse credibility determination. *See Zhou Yun Zhang,* 386 F.3d at 74. We are thus unable to determine why the IJ found Bah's testimony to be incredible on the basis of his alleged lack of detail.

■ Second, while we find that the IJ was correct in noting various omissions from Bah's affidavit, none of these omissions go directly to Bah's claims of persecution. The incidents that Bah failed to mention in his affidavit were not ones in which he was physically abused by authorities, but rather an incident in which he was the target of government surveillance and an incident in which he was detained, but not in any way harmed, as a result of his suspected political activities. Bah also did not mention an incident in which private actors, not state authorities, pelted him with stones based on his ethnicity. None of these incidents go to the heart of Bah's claim, but instead are "collateral" and "ancillary," and thus cannot form the basis of an adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003); *see also Zhou Yun Zhang,* 386 F.3d at 74 (noting requirement of "legitimate nexus" between reasons for adverse credibility finding and IJ's conclusions).

■ Third, we agree with Bah that the IJ erred in failing to consider the purposes of the letters submitted in support of his application when she determined that the letters omitted information relevant to Bah's asylum claim. All three of the letters appeared to have been written personally to Bah; none of them appear to have been written for the court. The authors

asked Bah how he was doing in the United States, and they informed him of recent developments in Guinea. Specifically, the letters explain that the authorities are still looking for Bah and that some of Bah's friends, who were also involved in political activities, had been arrested. Since these letters appear to have been written with the purpose of informing Bah of current events in Guinea, the letters do not appear suspicious simply because they do not mention events that occurred in the past. While the IJ was correct in noting that Bah failed to corroborate his allegations concerning injuries suffered as a result of detention in Guinea with medical documentation, it is unclear whether the IJ would still view the documentation as necessary to rehabilitate, once the adverse credibility determination is reevaluated in light of our aforementioned concerns.

Where an adverse credibility finding is based, in part, on flawed grounds, remand is not required where it could be "confidently predicted" that the IJ would have reached the same conclusion absent the error-based grounds. *See Xiao Ji Chen,* 434 F.3d at 162. In this case, it cannot be confidently predicted that the IJ would reach the same conclusion on remand. In light of these errors and concerns, the case is remanded to the agency for further analysis of the adverse credibility determination, as it relates to Bah's claims for asylum and withholding of removal.

■ Bah failed to raise any arguments regarding the denial of his CAT claim in his brief to this Court or to the BIA. Accordingly, this claim is not exhausted and it is waived. *See* 8 U.S.C. § 1252(d)(1) (governing exhaustion); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006) (same); *Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006) (governing waiver).

Accordingly, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).